**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **SAMUEL, SON & CO. (USA) INC., *doing business as* Samuel Roll Form Group,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DECATUR STEEL INDUSTRIES LLC, *et al.*,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:26-cv-00544-HAB-ALT** |

**OPINION AND ORDER**

On October 26, 2026, Plaintiff filed a complaint in this Court advancing various state-law claims against Defendants and alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1 ¶¶ 7-11).[1] Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiff's complaint is deficient for purposes of establishing diversity jurisdiction. The first problem is that Plaintiff premises its allegations about the citizenships of Defendants "upon information and belief." (ECF 1 ¶¶ 8-10). "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (collecting cases); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

[1] Plaintiff appears to have incorrectly checked the "Federal Question" box in Section II. Basis of Jurisdiction on the Civil Cover Sheet. (ECF 2).

Second, Plaintiff's allegations that Defendant Decatur Steel Industries LLC's members "are citizens of Indiana and Pennsylvania" and Defendant MJS Logistics LLC's members "are citizens of Indiana" are insufficient. (ECF 1 ¶¶ 8-9); *see Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("[A] naked declaration that there is diversity of citizenship is never sufficient."). The Court must be advised of the name and citizenship of each member of these two Defendants. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ( "[T]he citizenship of an LLC for purposes of … diversity jurisdiction is the citizenship of its members."). For any member who is an unincorporated association such as a limited liability company or partnership, Plaintiff must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiff. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff has not yet done so. Therefore, Plaintiff is AFFORDED to and including November 12, 2026, to file a supplemental jurisdictional statement that adequately articulates each party's citizenship.

SO ORDERED.

Entered this 29th day of October 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge